UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-20013-RKA

UNITED STATES OF AMERICA

v.

ARTEM OLEGOVICH ALAFYEV,

    Defendant.
_____/

## GOVERNMENT'S RESPONSE TO
## THE STANDING DISCOVERY ORDER

    The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16. In addition, pursuant to Federal Rule of Criminal Procedure 16.1, on January 29, 2025, the undersigned conferred via email with defense counsel of record about the timing and procedures for producing discovery.

    A.    1.    Attached, please find a copy of any written statements made by the defendant.

            2.    Attached is the portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent.

            3.    No defendant testified before the Grand Jury.

            4.    The defendant's prior criminal record, as documented by the National Crime Information Center, has been produced attached.

            5.    Books, papers, documents, data, photographs, tangible objects, buildings or places, within the government's possession, custody or control, which are material to the preparation of the defendant's defense, or which the government intends to use as evidence at trial to prove its case in chief, or

        which were obtained from or belong to the defendant, may be inspected at a mutually convenient time at: the Office of the United States Attorney, 99 Northeast 4th Street, Miami, Florida. Please call the undersigned to set up a date and time that is convenient to both parties. Please call the undersigned with 48 hours notice if you intend to review the evidence at this date and time.

        The attachments to this discovery response are not necessarily copies of all the books, papers, documents, data, etc., that the government may intend to introduce at trial.[1]

    6.    The government is not aware of any physical or mental examinations or scientific tests or experiments made in connection with this case.

B.    DEMAND FOR RECIPROCAL DISCOVERY: Pursuant to the Standing Discovery Order, the United States requests the disclosure and production of materials listed in Section (b) of Local Rule 88.10. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.    The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D.    The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E.    The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.    No defendant was identified in a lineup, show up, photo array or similar identification proceedings.

G.    The government has advised its agents and officers involved in this case to preserve all rough notes.

H.    The government will timely advise the defendant of its intent, if any, to introduce at trial extrinsic act evidence pursuant to F.R.E. 404(b). Pursuant

---

[1] Images and videos containing child sexual abuse materials will be made available for review upon request. Please contact the undersigned if you wish to arrange to view these materials.

to Local Rule 88.10, the notice will be provided regardless of whether the evidence may be used in the case-in-chief, for impeachment or possible rebuttal, and will include the general nature of the evidence.

You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

In addition, the government may introduce under Rule 404(b) evidence underlying the defendant's past criminal activity that has resulted in arrests and/or convictions and which is summarized in the attached court documents.

The government intends to introduce evidence regarding the Defendant's prior convictions.

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any relevant electronic surveillance that was authorized pursuant to 18 U.S.C. §2516 and 18 U.S.C §2518 and that has been unsealed in accordance with 18 U.S.C §2518.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. The government is not aware of any substances involved in this case for which chemical analysis would be relevant.

L. The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M. The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N. To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

On February 4, 2025, the United States produced an index listing outlining its production and responsive discovery Bates Stamped ALAFYEV_000001 to ALAFYEV_000022 to the Defense. Please contact the undersigned Special Assistant United States Attorney if any pages are missing.

                                            Respectfully submitted,

                                            HAYDEN P. O'BYRNE
                                            UNITED STATES ATTORNEY

By:    */s/ Angela J. Benoit*
        Angela J. Benoit
        Special Assistant United States Attorney
        Florida Special Bar ID No.: A5502549
        99 NE 4th Street, 6th Floor
        Miami, Florida 33132
        Tel: (202) 617-4361
        Email: Angela.Benoit.Lewis2@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 4, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document with attachments was served this day via email on counsel of record.

*/s/ Angela J. Benoit*
Angela J. Benoit