UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-20013-RKA

UNITED STATES OF AMERICA

v.

ARTEM OLEGOVICH ALAFYEV,

    Defendant.
_____/

**UNITED STATES OF AMERICA'S UNOPPOSED MOTION TO CONTINUE TRIAL**

    The United States respectfully moves to continue the calendar call scheduled for April 22, 2025, trial in this case set for April 28, 2025, and associated motion deadlines by twenty-one (21) days, to the beginning of the May 19 trial calendar period. Counsel for the Defendant Artem Olegovich Alafyev ("Defendant") does not oppose a continuance. In support of the motion, the Government states as follows:

**I.    Background**

    1.    On January 6, 2025, the Government charged Defendant by criminal complaint with transportation of child pornography, in violation of Title 18, United States Code, Section 2252(a)(1) and possession of child pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(B). [ECF No. 1].

    2.    Following a hearing on January 8, 2025, the Defendant was ordered detailed pending trial. [ECF No. 5].

    3.    On January 15, 2025, a federal grand jury in the Southern District of Florida returned an indictment against the Defendant, charging him with transportation of visual depictions involving the sexual exploitation of minors, in violation of Title 18, United States Code, Section 2252(a)(1) and (b)(1), and possession of visual depictions involving the sexual exploitation of

1

minors, in violation of Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2). [ECF No. 7].

  4. On February 13, 2025, counsel for the Defendant filed an Unopposed Motion to Continue which was granted on February 18, 2025. [ECF Nos. 17 and 18].

  5. On March 5, 2025, counsel for the Defendant filed an Unopposed Motion to Extend Pretrial Motions Deadlines, that was granted on March 6, 2025. [ECF Nos. 25 and 26].

  6. On March 12, 2025, counsel for the Defendant filed an Unopposed Motion to Continue Trial. [ECF No. 28].

  7. On March 13, 2025, the Court entered a Trial Order, setting the following deadlines:

   a. Dispositive Motions and Motions in Limine due by April 8, 2025;

   b. The deadline for the scheduling of guilty pleas is April 22, 2025;

   c. Calendar Call on April 22, 2025;

   d. Jury Trial on April 28, 2025.

[ECF No. 29]

## II. Request and Basis for Request

  8. Through this Motion, the Government respectfully requests that this Court continue this case by three weeks, to the beginning of the May 19 trial calendar period.

  9. This continuance request is based on two related issues pertaining to the Government counsel's needing a reasonable amount of time to prepare for trial and to confer with the defense about resolution:

   a. First, the undersigned Department of Justice trial attorney served as lead counsel in a trial before Judge Huck that recently ended on April 8, 2025. *See* [ECF No. 70 in the

matter *United States v. Madaio*, 24-CR-20445 (S.D. Fla. Apr. 8, 2025).  The Government's co-counsel in this matter has been on leave that concludes on May 1, 2025.

          b.     Second and relatedly, the parties were not in communication about resolution while the undersigned was in trial and Government co-counsel was on leave, so additional time would afford the parties time to discuss resolution in this matter.

The defense has indicated to the Government that it agrees that those scheduling issues are good cause for continuing this trial to permit the Government a reasonable amount of time to prepare for trial and engage with it about potential resolution.

    10.    The Court may properly exclude certain periods of delay in computing the time when trial must commence under the Speedy Trial Act.  Specifically, under 18 U.S.C. § 3161(h)(7)(A), the Court may exclude a period of time from the Speedy Trial Period where it finds "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  *Id.*  When considering whether to grant a continuance that is requested under this provision, one of the factors the Court shall consider is whether the failure to grant such a continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

    11.    The Defendant knowingly and intelligently waives his speedy trial rights as necessary for the purposes of this motion.  Specifically, for the purposes of computing the date under the Speedy Trial Act by which the Defendant's trial must commence, the parties agree that the time period of April 28, 2025 through the new trial date, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv), because the delay results from a continuance granted by the Court at the Defendant's and the Government's request, on the basis

of the Court's finding that: (1) the ends of justice served by the continuance outweigh the best interest of the public and the Defendant in a speedy trial; (2) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (3) due to the nature of the prosecution that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within eighteen (18) days; and (4) failure to grant the continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

12. Given the recent date of the Indictment, neither the Government, the Defendant, nor the Court would be prejudiced by the granting of this joint motion, which is made for the important purposes set forth above and to ensure adequate representation.

13. If the Court is not inclined to schedule the trial for on or after May 12, 2025, the parties jointly request a status conference to discuss the concerns set forth above.

WHEREFORE, the United States respectfully requests that this matter be set for trial on or after May 12, 2025, and that the deadlines set forth in ECF No. 29 for dispositive motions, motions in limine, and for the scheduling of guilty pleas be continued accordingly.

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

*/s/ Angela J. Benoit*
Angela J. Benoit
Trial Attorney
Criminal Division, Fraud Section
1400 New York Avenue NW
Washington, DC 20005
Florida Special Bar ID No.: A5502549
Angela.Benoit.Lewis@usdoj.gov
Cell: (202) 617-4361

## ADD CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 88.9, the United States has conferred with counsel for Defendant who does not oppose this Motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 10, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document with attachments was served this day via email on counsel of record.

*/s/ Angela J. Benoit*
Angela J. Benoit