UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-20013-RKA

UNITED STATES OF AMERICA

v.

ARTEM OLEGOVICH ALAFYEV,

    **Defendant.**

_____/

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO SUPPRESS EVIDENCE**

On January 3, 2025, the Defendant, Artem Olegovich Alafyev, entered the United States at the Port of Miami aboard the passenger cruise ship MSC Divina. At the Port of Miami, law enforcement conducted a border search of the Defendant's iPhone and discovered that the Defendant possessed child sexual abuse material. The Defendant now moves to both suppress evidence obtained from this border search and dismiss Count 1 of the Indictment, (DE 33), but neither request has any grounding in fact or in the law and must fail as a result.

As to suppression, the Defendant not only fails to cite binding legal authority supporting his request, but also fails to deal with the controlling Eleventh Circuit law that forecloses his claims. Indeed, the Eleventh Circuit has repeatedly and unequivocally established that at the border, "forensic searches of electronic devices don't require any level of suspicion." *United States v. Pulido*, --- F.4th ---, 2025 WL 1036987 (11th Cir. 2025); *see also United States v. Touset*, 890 F.3d 1227, 1229 (11th Cir. 2018) (holding that "precedents about border searches of property make clear that no suspicion is necessary to search electronic devices at the border."); *United States v. Vergara*, 884 F. 3d. 1309 (11th Cir. 2018). These precedents necessarily bind this Court and dictate the outcome here: that the Court should deny the Defendant's motion to suppress.

1

Similarly as to dismissal, the Defendant's request is fatally flawed because it asks the Court to go beyond the Indictment's text and make factual determinations when the Eleventh Circuit has long made clear that "[t]he sufficiency of a criminal indictment is determined on its face." *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992).

For these reasons, the Court should deny the Motion without a hearing.

### FACTUAL AND PROCEDURAL BACKGROUND

On January 3, 2025, the Defendant arrived at the Port of Miami after disembarking from a passenger cruise ship. At primary screening, the Defendant, Customs and Border Patrol ("CBP") referred the Defendant, who has a prior conviction related to the possession of child sexual abuse material ("CSAM") to secondary screening. In secondary screening, the Defendant stated that he owned and had exclusive access to the Apple iPhone 16 Pro Max in his possession. He did not provide the passcode to CBP, but he did unlock it in their presence.

CBP then conducted a basic manual review of the Defendant's iPhone. In this preliminary review of the iPhone, CBP identified apparent CSAM, including CSAM involving pre-pubescent children. Based on the initial identification of CSAM during their manual review, CBP reached out to Homeland Security Investigations ("HSI"), and a special agent from HSI's Child Exploitation Group responded to the scene. HSI then conducted its own manual review of the iPhone pursuant to its border search authority. Based on the review, HSI obtained a criminal complaint and the Defendant was arrested. (*See* DE 1).

On January 15, 2025, a federal grand jury returned a two-count indictment against the Defendant for Transportation of Visual Depictions Involving Sexual Exploitation of Minors, in violation of 18 U.S.C. § 2251(a)(1) and (b)(1), and Possession of Visual Depictions Involving the Sexual Exploitation of Minors, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). (DE 7).

This case is set for a calendar call on May 13, 2025, and a jury trial on May 19, 2025. (DE 36).

## LEGAL STANDARDS

Two standards of review govern the Defendant's Motion. As to the Fourth Amendment, searches at the border are reasonable without suspicion "simply by virtue of the fact that they occur at the border." *United States v. Alfaro-Moncada*, 607 F.3d 720, 728 (11th Cir. 2010) (quoting *Denson v. United States*, 574 F.3d 1318, 1339 (11th Cir. 2009).

As to the Motion to Dismiss, a motion to dismiss is governed by Rule 12 of the Federal Rules of Criminal Procedure. As the Eleventh Circuit has made clear for more than 30 years, "[t]here is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of sufficiency of the evidence." *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992). Rather, pre-trial motions to dismiss are governed by the plain language of the indictment, to the exclusion of anything else. That is why the Eleventh Circuit has long held in the Rule 12 context that "[t]he sufficiency of a criminal indictment is determined on its face" and that "[t]he indictment is sufficient if it charges the language of the statute," *id*., including "the essential elements of the crime," *id.* at 308. To that end, district courts are "constitutionally barred from ruling on a hypothetical question" as to what facts will be adduced at trial, *id*., and "there is currently no authority within the Federal Rules of Criminal Procedure for granting a motion to dismiss predicated on the insufficiency of the evidence, whether based in fact or law," *United States v. Salman*, 378 F.3d 1266, 1268 n.5 (11th Cir. 2004). "[U]nder this long line of case authority, a defendant cannot challenge whether there is a sufficient evidentiary foundation to support the grand jury's probable cause determination." *United States v. Kaley*, 677 F.3d 1316, 1326 (11th Cir. 2012).

GOVERNMENT'S POSITION AND ARGUMENT

**A. *This Court Should Deny the Defendant's Motion to Suppress Because His Fourth Amendment Claims are Foreclosed by Binding Eleventh Circuit Law and Because the Good Faith Exception Would Apply Anyway.***

    1. *The Border Search of the Defendant's phone is permissible because* **Pulido, Vergara** *and* **Touset** *are Binding Precedent in the Eleventh Circuit.*

The Eleventh Circuit has directly, repeatedly, and *as recently as this month* affirmed the application of the border search precedent to searches of electronic devices. Across its many rulings, the Eleventh Circuit unequivocally held that border searches of electronic devices are permissible. No level of suspicion is required prior to a border search of an electronic device, even for a more involved forensic examinations of a device. Yet in the face of that, the Defendant claims in his Motion that the border search here violates the Fourth Amendment's prohibition against unreasonable searches and that "this Circuit has not conclusively resolved whether truly invasive searches of cell phones at the border might require reasonable suspicion or a warrant, particularly in light of *Riley* and the growing recognition of digital privacy interests." (DE 33 at 7).

Not so. Just this month, the Eleventh Circuit again reiterated their holding in *United States v. Vergara*, 84 F.3d 1309, 1311 (11th Cir. 2018), and *United States v. Touset*, 890 F.3d 1227, 1234 (11th Cir. 2018), and specifically rejected the Defendant's argument that *Riley v. California*, 573 U.S. 373 (2014), requires probable cause or reasonable suspicion for a border search of a cellular telephone. *United States v. Pulido*. --- F.4th ---, 2025 WL 1036987 (11th Cir. 2025) ("We rejected similar *Riley*-based arguments in *Vergara* and *Touset*"). In *Vergara*, the Eleventh Circuit addressed and dispelled the need for a warrant for a border search of a phone. 884 F.3d at 1311. There, CBP conducted a manual review of the defendant's phones and noted a video of two topless female minors. Based on this video, CBP called a Homeland Security investigator. This

investigator reviewed the same video and interviewed the defendant, and then arranged for a forensic examination of the defendant's phones. Upon forensic examination, law enforcement located more than 100 images and videos of child pornography. *Id*. The defendant moved to suppress the evidence, arguing that *United States v. Riley* requires a warrant for manual and forensic searches of electronic devices at the border. *Id.*, at 1312. The district court denied this motion, and the Eleventh Circuit affirmed. *Id.*, at 1310-11. In *Vergara*, the Eleventh Circuit issued a clear holding: "border searches never require a warrant or probable cause." *Id.*, at 1311.

Similarly here, the Defendant points to *Riley v. California*, 573 U.S. 373 (2014), to argue the warrantless searches of cell phones is impermissible. The Defendant's argument ignores binding Eleventh Circuit case law on the issue. The Eleventh Circuit has acknowledged *Riley*'s holding but explained that *Riley* limited itself to the search-incident-to-arrest exception, without restricting border searches. *See Touset*, 890 F.3d at 1234 ("[O]ur decision in *Vergara* made clear that Riley, which involved the search-incident-to-arrest exception, does not apply to searches at the border."); *Vegara*, 884 F.3d at 1312 ("And the Supreme Court expressly limited its holding [in *Riley*] to the search-incident-to-arrest exception."). In so holding, the *Vegara* court was crystal clear that "[b]order searches have long been excluded from warrant and probable cause requirements, and the holding of *Riley* does not change this rule." *Id.*, at 1312-13.

In *Touset*, the Eleventh Circuit addressed one point that it had left open in *Vergara*: whether law enforcement requires *reasonable suspicion* for a border search of an electronic device. *Touset* involved a defendant who arrived at the Atlanta airport via international flight. CBP conducted a manual search of the defendant's phones and cameras and returned them, but retained the defendant's laptops, hard drives, and tablet devices. In a later forensic examination of these devices, investigators discovered child pornography. The defendant then moved to

5

suppress the evidence. *United States v. Touset*, 890 F.3d 1227, 1229-31 (11th Cir. 2018).

In *Touset*, the Eleventh Circuit reiterated that, in *Vergara*, it had held that forensic searches of electronic devices do not require a warrant or probable cause. The court also observed that "[t]he Supreme Court has never required reasonable suspicion for a search of property at the border, however non-routine and intrusive." *Id.* at 1233. The court marched through the history and rationale for the border search exception to the warrant requirement and reasoned that it saw "no reason why the Fourth Amendment would require suspicion for a forensic search of an electronic device when it imposes no such requirement for a search of other personal property." *Id*. This reasoning yielded another clear holding: that "no suspicion is necessary to search electronic devices at the border." *Id.*, at 1229. Which means that the search here is valid, even if the Defendant was targeted based on his prior criminal history.

*Pulido, Vergara* and *Touset* are binding precedent in the Eleventh Circuit, and the Defendant's Motion is foreclosed by this precedent and necessarily fails. For those reasons, this Court should decline the Defendant's invitation to ignore the Eleventh Circuit's holding that a border search of an electronic device can be done for any reason at all without offending the Fourth Amendment.

 2. **The search of the Defendant's iPhone falls within the good-faith exception.**

Even if this Court were to disagree with binding Eleventh Circuit precedent and revisit the border search doctrine, the evidence gathered in connection with the searches conducted by CBP and HSI still fall within the good-faith exception to the exclusionary rule.

In the searches of the Defendant's iPhone, law enforcement relied in good faith on training, policies, and practices that developed against the backdrop of *Vergara* and *Touset*. Such efforts are objectively reasonable, as based on binding precedent. The suppression of the fruits of

this search represent the core evidence in this case and would be a fatal blow, without any counterbalancing deterrent factor. Thus, the evidence from the searches by CBP and HSI should not be suppressed under the good-faith exception. *See, e.g., Davis v. United States*, 564 U.S. 229, 231 (2011); *United States v. Leon*, 468 U.S. 897 (1984).

### B. *The Defendant's Motion to Dismiss Fails Because the Indictment Sets Forth the Elements of the Crime as Required.*

The Defendant's Motion also fails to establish a deficiency in the Indictment. The Defendant asks for dismissal based on specific factual assertions about the evidence or lack of evidence, functionally asking the Court to consider a Rule 29 motion for acquittal before the United States has presented its case. Something the Court cannot do. The Eleventh Circuit consistently reverses district courts that dismiss Indictments based on evidence outside the four corners of the Indictment.

In *Salman*, the district court relied on "certain undisputed facts" and dismissed the Indictment. 378 F.3d at 1268. The Eleventh Circuit reversed. *Id.* The court held that "[b]y looking beyond the face of the indictment . . . the district court overlooked binding precedent from this court." *Id.* at 1268.

The Eleventh Circuit has reversed a district court's dismissal even when the facts are not disputed. In *United States v. Critzer*, the district court dismissed the indictment because, after assuming the facts alleged to be true, it found the defendant's alleged actions did not constitute a violation of federal law. 951 F.2d 306, 307 (11th Cir. 1992). The Eleventh Circuit reversed because the Federal Rules do not provide for a pre-trial determination of the sufficiency of the evidence. *Id.* An indictment is sufficient, the Eleventh Circuit held, if it "charges the language of the statute." *Id.* In other words, even where there was no material dispute of fact, pre-trial dismissal was *still* inappropriate. *Id.* ("There is no summary judgment procedure in criminal

7

z

cases.").

Here, the Indictment is legally sufficient, it concisely presents the essential elements of the charged offense, tracks the statutory language and includes the date and location of the offenses.

This blackletter law—that a district court may not consider extrinsic evidence on a motion to dismiss—is uncontroversial and has been followed repeatedly. *E.g., United States v. Mostafa Hussaini,* Case No. 19-CR-60287-ALTMAN (S.D. Fla. January 14, 2022) ("In adjudicating a criminal defendant's motion to dismiss and indictment, we confine our review to the four corners of the indictment itself."*); United States v. Jasper-Barbary*, Case No. 12-CR-60011-SCOLA, 2012 WL 12952703, at *1 (S.D. Fla. May 2, 2012) ("In determining sufficient, a court must look *only* to the language of the indictment."). The Court should deny the Defendant's motion to dismiss.

**[Intentionally Left Blank]**

## CONCLUSION

For the reasons set forth above, this Court should deny the Defendant's motion to suppress any evidence obtained through border searches of his iPhone and the Motion to Dismiss Count 1.

Respectfully submitted,

HAYDEN P. O'BYRNE
ACTING UNITED STATES ATTORNEY

By: *s/Brianna Coakley*
Brianna Coakley
Assistant United States Attorney
Court ID No. A5503184
United States Attorney's Office
99 NE 4th Street, 6th Floor
Miami, Florida 33132
(305) 961-9127
Brianna.Coakley@usdoj.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on April 28, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which provides electronic notice of the filing.

*s/Brianna Coakley*
Brianna Coakley