## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 25-CR-20013-RKA

UNITED STATES OF AMERICA

v.

ARTEM OLEGOVICH ALAFYEV,

      Defendant.

_____/

## UNITED STATES' MOTION *IN LIMINE* AND NOTICE OF INTENT TO INTRODUCE EVIDENCE PURSUANT TO FEDERAL RULES OF EVIDENCE 404(B) AND 414

In advance of trial, the United States of America, by and through the undersigned Assistant United States Attorney, gives notice of its intent to introduce the following forms of "other acts" evidence pursuant to Rules 404(b) and 414 of the Federal Rules of Evidence ("FRE") and moves this Court to make the following three *in limine* rulings, with only the first contested by the defense and thus substantively covered in this Motion:

(1) **Contested:** The Court should admit evidence of the Defendant's 2011 prior conviction for Sexual Abuse of Children, an offense involving the possession or viewing of Child Sexual Abuse Material (CSAM) and evidence obtained during a 2018 HSI investigation into the Defendant's purchase and viewing of CSAM during its case-in-chief pursuant to Rules 414 and 404(b).

(2) **Uncontested:** The Court should preclude the Defendant from introducing any evidence or argument sounding in jury nullification, including reference to any sentence the Defendant faces if convicted.

(3) **Uncontested:** The Court should preclude the Defendant from introducing any evidence or argument relating to the Defendant's general good character and specific instances of good conduct.

### I.      Factual and Procedural Background

In 2011, the Defendant was convicted in Pennsylvania of Sexual Abuse of Children, an offense involving the possession or viewing of child sexual abuse materials ("CSAM"). The case

arose from the Defendant's arrest after an investigation revealed the Defendant was sharing CSAM on a peer-to-peer network, with the CSAM discovered on the Defendant's digital devices after a residential search warrant. As punishment, the Defendant was required to serve a period of incarceration and register as a sex offender for 10 years.

In April 2018, the Defendant was the subject of a Homeland Security Investigations ("HSI") investigation related to the purchase of CSAM on the dark web after his email address was connected to a bitcoin account used for CSAM purchases.  As part of the investigation, HSI executed a search warrant on the Defendant's Google account and his residence. In the Google search warrant return, HSI discovered multiple pieces of evidence that indicate the Defendant's prurient interest in minor children and efforts to obtain CSAM. HSI also discovered correspondence from the Defendant's bitcoin account confirming bitcoin transactions to a website on the dark web known to facilitate the CSAM trafficking. Evidence showing the Defendant to have been the user of the account included that the username connected to the child exploitation website was used by the Defendant on multiple other websites and that HSI discovered a 2016 text document in which the Defendant appears to list out website addresses apparently associated with CSAM. The web-address include the words "nude very young girls," "very little teens," "very young girls in hot actions young wet pussies."

Similarly, forensic analysis of the digital devices obtained during the residential search warrant revealed evidence of the Defendant's interest in CSAM. The analysis located a "jump list," which is a record of the Defendant recently accessed files. The file names are indicative of child sexual abuse material. For example: "(Pthc)[1] warning!!! Child Porn – 13Yo Child Rape and Crying_2.mpg," "(Pthc) Eva 12Yo & Daddy 2006 (Private Fucking)—3m16s.avi," and "[PTHC]

---

[1] "PTHC" stands for "pre-teen hard core."

– E1 (lesbian 12yo – 13 yo)|.mpg. The actual files were not located and the investigation did not result in criminal charges.

On January 3, 2025, the Defendant entered the United States at the Port of Miami aboard the passenger cruise ship MSC Divina. At the Port of Miami, law enforcement conducted a border search of the Defendant's iPhone and discovered that the Defendant possessed CSAM on his device, including depictions involving pre-pubescent children. After the Government charged the Defendant by complaint three days later, (DE 1), a federal grand jury returned a two-count indictment against the Defendant for Transportation of Visual Depictions Involving Sexual Exploitation of Minors, in violation of 18 U.S.C. § 2251(a)(1) and (b)(1), and Possession of Visual Depictions Involving the Sexual Exploitation of Minors, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). (DE 7). This case is now set for a calendar call on May 13, 2025, and a jury trial on May 19, 2025. (DE 36).

## II.        LEGAL STANDARD

District courts enjoy broad discretion in determining whether to grant a motion *in limine*. *Quantum Capital, LLC v. Banco De Los Trabajadores*, 720 F. App'x 539, 540 (11th Cir. 2017). The goal of a motion *in limine* is to avoid the futile attempt of "unring[ing] the bell" when jurors have seen or heard inadmissible evidence, even when stricken from the record.  *See Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003).  Motions *in limine* also serve to streamline trials, by settling evidentiary disputes in advance and by minimizing side-bar conferences and other disruptions at trial.  *See United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002) (discussing the value of motions *in limine* to the orderly administration of a trial) (internal citations omitted).

The familiar standards of Federal Rules of Evidence 401 and 402 govern the presentation of evidence at trial. Only relevant evidence is admissible, and evidence is relevant only if it has a

tendency to make a fact more or less probable than it would be without the evidence, and the fact

is of consequence to the action. FRE 402, 401. Further, under FRE 403, relevant evidence may be

excluded if its probative value is substantially outweighed by the danger of unfair prejudice,

confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting

cumulative evidence. "It is the province of the trial judge to weigh any materiality against any

prejudice and, unless the judge's reading is 'off the scale,' his discretion is not abused." *United

States v. Kendrick*, 682 F.3d 974, 986 (11th Cir. 2012) (citing *United States v. Shelley*, 405 F.3d

1195, 1201 (11th Cir. 2005)).

## III.   ARGUMENT

**a.** ***The Court Should Admit Evidence that of the Defendant's Prior Conviction and Evidence from HSI's Prior Investigation Pursuant to Federal Rule of Evidence Rule 404(b) and 414.***

The United States intends to introduce the following evidence at trial:

> (1) Certified Copy of the Defendant's 2011 Pennsylvania Charging Document, Judgement and Conviction.[2]

> (2) Testimonial Evidence from investigating agent and/or digital forensic examiner related to the evidence located in the Defendant's Google account and on his digital devices related to CSAM.

**i.   This case, the Defendant's prior conviction, and the prior HSI investigation involve offenses of "child molestation."**

Rule 414(a) provides that "[i]n a criminal case in which a defendant is accused of child

molestation, the court may admit evidence that the defendant committed any other child

molestation. The evidence may be considered on any matter to which it is relevant." FRE 414(a).

Possession of CSAM qualifies as "child molestation" under Rule 414. *See United States v.*

---

[2] *United States v. Green*, 873 F.3d 846, 864 (11th Cir. 2017) (holding that a certified judgment of conviction is sufficient proof that the defendant committed the prior act).

*Zimmerman*, No. 21-11520, 2022 WL 7232992, at *1 (11th Cir. Oct. 13, 2022) ("Possessing child pornography in violation of § 2252 is a child molestation offense"); *See also United States v. Brillhart*, No. 2:22-CR-53-SPC-NPM, 2023 WL 6794229, at *2 (M.D. Fla. Oct. 13, 2023). "This is defined by statute: 'Child molestation' for purposes of Rule 414 includes 'any conduct prohibited by 18 U.S.C. chapter 110.' Chapter 110 includes 18 U.S.C. § 2252, which criminalizes the possession and distribution of child pornography." Id. (citing *Zimmerman*, No. 21-11520, 2022 WL 7232992, at *1 (11th Cir. Oct. 13, 2022). The charge of transportation of sexually explicit depictions of minor children is also enumerated in Title 18, United States, Section 2252. Both charges in the indictment, therefore, qualify as crimes of "child molestation."

The United States will offer the 2011 conviction and testimony about the evidence obtained from the 2018 investigation into evidence at trial to show the Defendant's propensity to commit crimes involving the exploitation and sexual abuse of minors, as well as his prurient sexual interest in children, motive, intent, plan, and lack of mistake or accident. Under prevailing Eleventh Circuit precedent, the 2011 conviction and 2018 investigation are relevant and admissible under Rule 414 for such purposes. *See United States v. Baker*, 680 F. App'x 861, 863 (11th Cir. 2017) (in child pornography possession case, defendant's prior child molestation conviction was relevant and properly admitted by district court during trial under Rule 414); *United States v. Woods*, 684 F.3d 1045, 106–465 (11th Cir. 2012) (defendant's statement describing his prior molestation of his niece was admissible under Rule 414 in a receipt and possession of child pornography prosecution); *United States v. Levinson*, 504 F. App'x 824, 827, 828 (11th Cir. 2013) (in § 2422(b) prosecution, evidence defendant engaged in child molestation in the past was properly admitted under both Rule 414 to prove that defendant had "a disposition of character that makes it more likely that he committed the [charged] act of

child molestation"; evidence of defendant's prior conviction for sexual abuse and alleged sexual abuse of his minor daughter was also admissible under Rule 404(b)).

Other circuits have consistently confirmed Rule 414's broad principle of admissibility in child pornography cases. *See United States v. Majeroni*, 784 F.3d 72, 75–77 (1st Cir. 2015) (admission of defendant's prior conviction for possessing child pornography was properly admitted under Rule 414 in a current possession of child pornography prosecution); *United States v. Axsom*, 761 F.3d 895, 898 (8th Cir. 2014) (defendant's prior trafficking of child pornography conviction was properly admitted under Rule 414 in a prosecution for possessing and distributing child pornography); *United States v. Sheldon*, 755 F.3d 1047, 1050–51 (9th Cir. 2014) (prior possession of child pornography conviction properly admitted in production and receipt of child pornography case); *United States v. Foley*, 740 F.3d 1079, 1086–87 (7th Cir. 2014) (although evidence of the defendant's prior sexual assault of a child was admitted under Rule 413, such evidence would have been admissible under Rule 414 in the current production, distribution, and possession of child pornography charge); *United States v. Sturm*, 673 F.3d 1274, 1284 (10th Cir. 2012) (prior conviction under Ohio law for pandering constituted a "child molestation" offense and was properly admitted under Rule 414); *United States v. Seymour*, 468 F.3d 378, 384–85 (6th Cir. 2006) (defendant's uncharged prior sexual assaults against adult females admissible in case charging child molestation offenses).

The criminal conduct underlying the Defendant's 2011 conviction, his conduct in 2018 and the instant case, are similar in that they show his persistent sexual interest in children and child sexual abuse material. The files at issue here and in the prior cases involve sexually explicit depictions of minors accessed and stored on his digital devices. These similarities weigh in favor of the admission of the prior conviction. *See Bentley*, 561 F.3d at 815.

Evidence admissible under Rule 414 is still subject to Rule 403's balancing test, Fed. R. Evid. 414(c); *United States v. Woods*, 684 F.3d 1045, 1064 (11th Cir. 2012) (applying Rule 403 to evidence admissible under Rule 414). Rule 403 permits the exclusion of relevant evidence if its "probative value is substantially outweighed by a danger of . . . unfair prejudice." *United States v. Alfaro-Moncado*, 607 F.3d 720, 734 (11th Cir. 2010) (citation and quotations omitted). Fed. R. Evid. 403. Rule 403 is meant to guard against prejudice based on something other than the evidence's own persuasive weight. In weighing the evidence under Rule 403, the Eleventh Circuit has cautioned that exclusion "is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *United States v. Alfaro-Moncado*, 607 F.3d 720, 734 (11th Cir. 2010) (citation and quotations omitted).

Similarly, time strictures are much more relaxed for Rule 414. *See, e.g., United States v. Carino*, 368 F. App'x 929, 930 (11th Cir. 2010) (approving use of a 32-year old prior incident of child molestation in child pornography prosecution); *United States v. Gabe*, 237 F.3d 954, 959 (8th Cir. 2001) (affirming admission of Rule 414 testimony describing events that occurred more than 20 years before trial); *United States v. Meacham*, 115 F.3d 1488, 1495 (10th Cir. 1997) (child molestation occurring more than 25 years before trial admissible under either Rule 414 or Rule 404(b)); *United States v. Larson*, 112 F.3d 600, 605 (2d Cir. 1997) (sex abuse occurring 16-20 years before trial admissible under Rule 414). Accordingly, a district court's "discretion to exclude evidence under Rule 403 is narrowly circumscribed." *United States v. Smith*, 459 F.3d 1276, 1295 (11th Cir. 2006).

The admission of the Defendant's prior conviction for possession of CSAM and the evidence obtained in the 2018 investigation would not create a risk of unfair prejudice that substantially outweighs its probative value. *See United States v. Cooper*, 433 F. App'x 875,

877 (11th Cir. 2011) (finding, under Rule 403, evidence of defendant's prior convictions for child molestation "highly probative because it tended to show that the [sic] Cooper intentionally downloaded child pornography, that he knew the images were child pornography, and that he had not mistaken them for anything other than that."); *United States v. Adleta*, No. 6:13-cr-94-Orl-22GJK, 2013 WL 4734824, at *3 (M.D. Fla. Sept. 3, 2013) (explaining that, with respect to evidence admitted under Rules 403, 413, and 414, "[a]s to Rule 403 balancing, this evidence is naturally prejudicial. It is, however, not unfairly prejudicial, but rather is prejudicial 'for the same reason it is probative—it tends to prove [the defendant's] propensity to molest young children.'" (citing *United States v. Kelly*, 510 F.3d 433, 438 (4th Cir. 2007), aff'd on other grounds, 591 F. App'x 925 (11th Cir. 2015)). Here, it is likely the Defendant will deny knowledge of the CSAM, thus his prior conviction and prior efforts to obtain CSAM are probative of the Defendant's knowledge of CSAM, intentional acts to obtain it, technological capabilities and persistent interest in possessing the content.

Accordingly, the evidence of the Defendant's prior conviction is relevant and admissible at trial in this case pursuant to Rule 414, Federal Rules of Evidence.

### ii. The Defendant's Prior Conviction is Also Admissible Under Rule 404(b) of the Federal Rules of Evidence.

On top of FRE 414, this Court should also admit the Defendant's prior sex offenses under Fed. R. Evid. 404(b). In sex offense cases, evidence may be offered and admitted on both bases. *United States v. Levinson*, 504 F. App'x 824, 827–28 (11th Cir. 2013); *see also United States v. Meacham*, 115 F.3d 1488, 1490–91, 1495 (10th Cir. 1997) (admission of evidence proper under both 404(b) and 414). Assuming *arguendo* that the Defendant's prior child pornography conviction and the 2018 conduct deemed inadmissible under Rule 414, they are still properly admitted under Rule 404(b).

When determining whether the district court abused its discretion by admitting evidence of a defendant's prior bad acts under FRE 404(b), the Eleventh Circuit employs a three-part test: "First, the evidence must be relevant to an issue other than the defendant's character. Second, as part of the relevance analysis, there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act." Third, the evidence must possess probative value that is not substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403. *United States v. Miller*, 959 F.2d 1535, 1538 (11th Cir. 1992) (quoting *Huddleston v. United States*, 485 U.S. 681, 689 (1988)); *see also United States v. Ramirez*, 426 F.3d 1344, 1354 (11th Cir. 2005). The court need not make a preliminary finding—under Federal Rule of Evidence 104(a)— "that the Government has proved the [similar] act by a preponderance of the evidence"; instead, it need only decide whether the jury could "reasonably conclude that the act occurred and that the defendant was the actor." *Huddleston*, 485 U.S. at 689.

The Defendant's prior conviction and the evidence obtained during the 2018 investigation is relevant to show his prurient sexual interest in children, knowledge, motive, intent, plan, and lack of mistake or accident in having CSAM in his possession and transporting it. This is true because "it has a tendency to make [facts] more or less probable than it would be without the evidence," and such facts are "of consequence in determining" this case. *See* Fed. R. Evid. 401; *United States v. Matthews*, 431 F.3d 1296, 1309 (11th Cir. 2005). "The definition of relevant evidence is very broad[;] . . . Rule 401 does not raise a high standard." *Moyer v. United Dominion Industries, Inc.*, 473 F.3d 532, 544–45 (3d Cir. 2007) (internal quotations and citations omitted). A "fact of consequence" under Rule 401 is not limited to the ultimate issue or elements in a case, but rather can be any step along a path of inference that leads to an "ultimate fact." *Old Chief v. United States*, 519 U.S. 172, 179 (1997). It does not matter, under Rule 401, that there are multiple "evidentiary route[s]" to the ultimate fact other than the one relied upon by the proponent of the evidence. *Id.* "To be relevant, evidence need not conclusively

decide the issue in the case, but it must in some degree advance the inquiry." *United States v. Causey*, 748 F.3d 310, 316 (7th Cir. 2014). "Facts of consequence" also include reasonably anticipated defenses. *United States v. Curtin*, 489 F.3d 935, 940 (9th Cir. 2007).

The Defendant's not guilty plea in this case squarely places his knowledge and his intent at issue. Indeed, "a defendant who enters a not guilty plea makes intent a material issue which imposes a substantial burden on the government to prove intent, which it may prove by qualifying Rule 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue." *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007) (citation omitted); *see also United States v. Walker*, 410 F.3d 754, 759 (5th Cir. 2005) (holding that the defendant "put his intent at issue by pleading not guilty"); *see also United States v. Bentley*, 561 F.3d 803, 814–16 (8th Cir. 2009) (in child pornography production, transportation, and possession case, that Federal Rule of Evidence 404(b) provides that extrinsic evidence of other crimes, wrongs or acts is not admissible to prove a defendant's character in order to show conformity therewith. Such evidence "may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident" as to the charged offense. Fed. R. Evid. 404(b)). Normally, if the defendant's state of mind is not at issue, then extrinsic evidence is not admissible. *See United States v. Roberts*, 619 F.2d 379, 383 (5th Cir. 1980) (holding that evidence of extrinsic offenses that are "probative of a defendant's state of mind" are not admissible if the defendant "affirmatively take[s] the issue of intent out of the case"). However, the defendant must affirmatively remove this issue, not just promise to not actively pursue or challenge it. *Id.* Because defendant has not affirmatively removed his state of mind—*i.e.*, his knowledge and intent—as a trial issue, evidence of other similar acts of which he was convicted that shed light on his state of mind is proper and should be admitted under Rule 404(b).

The 2011 prior conviction and the evidence obtained in the 2018 investigation, are highly probative, and not unfairly prejudicial. The evidence demonstrates the Defendant's interest in CSAM, knowledge of the content and ability to obtain it through dark web purchases and peer-to-peer services.

10

Evidence of the Defendant's persistent interest and technological knowledge establishes facts of consequence in this case, including his criminal intent, knowledge, plan and preparation, lack of mistake, and identity. *See United States v. Kapordelis*, 569 F.3d 1291, 1312–14 (11th Cir. 2009) (in child pornography production, receipt and possession case, evidence that defendant engaged in sex with minors overseas admissible under Rule 404(b) as proof of knowledge, absence of mistake or accident, and intent); *United States v. Breitweiser*, 357 F.3d 1249, 1254 (11th Cir. 2004) (district court did not err in admitting evidence under Rule 404(b) that defendant had previously engaged in sexual conduct with children; such evidence was relevant to show defendant's motive, intent, knowledge, plan and preparation, and lack of mistake, and it was not more prejudicial than probative); *United States v. Hersh*, 297 F.3d 1233, 1254 n. 31 (11th Cir. 2002) (404(b) evidence of an uncharged instance of molestation of minor admissible in child exploitation case to show defendant's state of mind and modus operandi, and to rebut attack on witness credibility). In essence, the Defendant's prior bad act demonstrate his pattern of collecting and purchasing CSAM, which bears directly on his motive and intent to commit the present crimes.

Accordingly, the evidence of the Defendant's prior conviction involving sexually explicit depictions of minor children, and the evidence discovered in 2018 related to the purchase and viewing of CSAM are also relevant and admissible at trial in this case pursuant to Rule 404(b) of the Federal Rules of Evidence.

## IV.    CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court (1) permit the United States to introduce the Defendant's 2011 prior conviction for Sexual Abuse of Children, an offense involving the possession or viewing of Child Sexual Abuse Material (CSAM) and evidence obtained during the 2018 HSI investigation into the Defendant during its case-in-chief pursuant to Rules 414 and 404(b); (2) preclude the Defendant from introducing any evidence or

argument sounding in jury nullification, including reference to any sentence the Defendant faces if convicted; and (3) preclude the Defendant from introducing any evidence or argument relating to the Defendant's general good character and specific instances of good conduct.

Respectfully submitted,

HAYDEN P. O'BYRNE
ACTING UNITED STATES ATTORNEY

By:     _s/Brianna Coakley_____
Brianna Coakley
Assistant United States Attorney
Court ID No. A5503184
United States Attorney's Office
99 NE 4th Street, 6th Floor
Miami, Florida 33132
(305) 961-9127
Brianna.Coakley@usdoj.gov

## CERTIFICATE OF CONFERENCE

**I HEREBY CERTIFY** that on April 29, 2025, I conferred with David Donet, Jr., counsel for the Defendant, who indicated that the defense opposes this motion in part, as set forth above.

_s/Brianna Coakley_
BRIANNA COAKLEY
Assistant United States Attorney

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 27, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which provides electronic notice of the filing.

_s/Brianna Coakley_
BRIANNA COAKLEY
Assistant United States Attorney