UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 25-CR-20013-RKA

UNITED STATES OF AMERICA,

v.

ARTEM OLEGOVICH ALAFYEV,

Defendant.
_____/

**DEFENDANT'S OPPOSITION TO UNITED STATES' MOTION IN LIMINE AND NOTICE OF INTENT TO INTRODUCE EVIDENCE PURSUANT TO FEDERAL RULES OF EVIDENCE 404(b) AND 414**

Defendant, ARTEM OLEGOVICH ALAFYEV, through undersigned counsel, hereby opposes the United States' Motion *in Limine* and Notice of Intent to Introduce Evidence Pursuant to Federal Rules of Evidence 404(b) and 414. The Government seeks to introduce evidence of Mr. Alafyev's 2011 prior conviction for Sexual Abuse of Children and evidence from a 2018 investigation that resulted in no charges. This evidence should be excluded for the reasons set forth below.

**I.     INTRODUCTION**

The Government's motion should be denied because both the 2011 conviction and the 2018 uncharged conduct evidence would be unduly prejudicial, lack sufficient probative value, and would result in a confusing mini-trial on collateral matters. Admission of this evidence would violate Mr. Alafyev's right to

1

a fair trial by creating an overwhelming risk that the jury would convict based on propensity reasoning rather than evaluating the evidence of the current charges.

## II.    LEGAL STANDARD

While Rule 414(a) permits the admission of evidence that "the defendant committed any other child molestation" in cases where "a defendant is accused of child molestation," such evidence remains subject to Rule 403's balancing test. *United States v. Woods*, 684 F.3d 1045, 1064 (11th Cir. 2012). The Eleventh Circuit has repeatedly confirmed that Rule 403 requires exclusion of evidence "if its probative value is substantially outweighed by a danger of... unfair prejudice." *United States v. McGarity*, 669 F.3d 1218, 1244 (11th Cir. 2012).

Similarly, evidence admitted under Rule 404(b) must (1) be relevant to an issue other than the defendant's character; (2) be sufficiently proven to allow a jury finding that the defendant committed the extrinsic act; and (3) possess probative value that is not substantially outweighed by undue prejudice. *United States v. Miller*, 959 F.2d 1535, 1538 (11th Cir. 1992) (*citing *Huddleston v. United States*, 485 U.S. 681, 689 (1988)).

## III.   ARGUMENT

### A.    The Court Should Exclude the 2011 Conviction and 2018 Investigation Evidence Under Rule 403

Even if deemed admissible under Rule 414, the 2011 conviction and 2018 investigation evidence should be excluded under Rule 403's balancing test for three primary reasons:

### 1. <u>Remoteness in Time Diminishes Probative Value</u>

The 2011 conviction occurred approximately 14 years ago, and the 2018 investigation (which resulted in no charges) was 7 years ago. These substantial time gaps significantly diminish any probative value of this evidence.

The Eleventh Circuit has recognized that temporal remoteness is a critical factor in the Rule 403 analysis. In *United States v. Matthews*, 431 F.3d 1296, 1311 (11th Cir. 2005), the court noted that "the temporal remoteness of the other act evidence" affects its probative value. While there is no bright-line rule on temporal remoteness, the 14-year gap between Mr. Alafyev's prior conviction and the current charges substantially reduces its probative worth.

The Government's reliance on *United States v. Carino*, 368 F. App'x 929 (11th Cir. 2010) for the proposition that even decades-old prior incidents are admissible is misplaced. First, *Carino* is an unpublished decision with limited precedential value. Second, the facts in *Carino* involved direct hands-on abuse, making the prior acts more probative despite their age. Here, the remoteness of Mr. Alafyev's prior conviction, coupled with the different context of the current charges, renders the evidence minimally probative at best.

In *United States v. Johnson*, 439 F. Supp. 3d 1039, 1044-45 (N.D. Iowa 2020), the court excluded evidence of prior convictions under Rule 403 where a substantial time gap diminished the probative value. Similarly, in *United States v. Hough*, 385 F. Supp. 3d 1199, 1203 (M.D. Fla. 2019), the court excluded evidence of a previous conviction under Rule 414 after finding that its probative value was substantially outweighed by unfair prejudice, particularly given the temporal distance between the offenses.

2. **The Risk of Unfair Prejudice Is Substantial**

The introduction of both a prior conviction and uncharged conduct creates an overwhelming risk of unfair prejudice. As the Supreme Court recognized in *Old Chief v. United States*, 519 U.S. 172, 180 (1997), there is an inherent risk that a jury will "generaliz[e] a defendant's earlier bad act into bad character and taking that as raising the odds that he did the later bad act now charged." This risk is especially acute in cases involving child exploitation offenses, which naturally evoke strong emotional responses from jurors.

The danger is particularly severe with respect to the 2018 investigation evidence, which did not result in charges. In *United States v. Hitt*, 473 F.3d 146, 158-59 (5th Cir. 2006), the court emphasized that Rule 403 requires "careful attention" when applying Rule 414, particularly where the evidence may lead to a confusing "mini-trial" on the prior offense. Here, introducing evidence about

bitcoin transactions, Google search warrants, and "jump lists" from 2018 would create precisely the kind of distracting and prejudicial mini-trial that Rule 403 seeks to prevent.

Even in circuits that widely permit Rule 414 evidence, courts recognize that such evidence must be excluded under Rule 403 where the prejudice is overwhelming. In *United States v. Guardia*, 135 F.3d 1326, 1331 (10th Cir. 1998), the court acknowledged that the admission of evidence under Rules 413-415 could potentially violate due process rights if its prejudicial effect outweighs its probative value. Similarly, in *United States v. Larson*, 112 F.3d 600, 605 (2d Cir. 1997), the court cautioned that Rule 414 evidence must not be used in a manner that denies the defendant a fair trial.

### 3. The Evidence Would Confuse the Issues and Waste Tim

Admission of both the 2011 conviction and 2018 investigation would create significant confusion and waste of time. The 2018 investigation, in particular, would require extensive testimony about alleged dark web purchases, bitcoin transactions, and technical forensic evidence that was ultimately insufficient to support charges at that time. This would essentially create a second trial within the first, distracting from the actual charges at issue.

In *United States v. LeMay*, 260 F.3d 1018, 1027-28 (9th Cir. 2001), the court warned that admitting evidence of uncharged conduct requires "a higher

standard of proof" and careful Rule 403 analysis. The court recognized that introducing uncharged conduct carries a risk of confusion and unfair prejudice that may outweigh its probative value.

The Government has other, less prejudicial means of proving its case, making the introduction of this evidence unnecessary and cumulative. Rule 403 explicitly lists "confusing the issues," "misleading the jury," "undue delay," and "wasting time" as grounds for exclusion.

**B.      The Government Mischaracterizes Key Precedent**

The Government relies heavily on cases that are factually distinguishable from the present matter:

1.      In *United States v. Baker*, 680 F. App'x 861 (11th Cir. 2017), the prior act was a hands-on offense (lewd and lascivious conduct with a minor) that was used to show intent in a child pornography case. The Eleventh Circuit found this evidence probative because it demonstrated a sexual interest in children beyond mere possession of contraband. Here, Mr. Alafyev's prior offense is possession of child pornography—the same offense as currently charged. Thus, its only relevance is to show propensity or predisposition, which carries minimal probative value beyond suggesting "he did it before, so he likely did it now."

2.      In *United States v. Kapordelis*, 569 F.3d 1291 (11th Cir. 2009), the court admitted evidence that the defendant had molested minors on trips overseas

6

to prove intent and lack of mistake in a child pornography production prosecution. Kapordelis is readily distinguishable because the prior acts showed a pattern of targeting specific victims and demonstrated the defendant's active sexual interest in real minors. In contrast, Mr. Alafyev's prior conviction for possession of images did not involve direct contact with victims and has far less probative value regarding intent or motive.

3. In *United States v. Breitweiser*, 357 F.3d 1249 (11th Cir. 2004), the court admitted evidence of prior child molestation to show motive and intent in a child pornography case. Again, this involved hands-on offenses that illuminated the defendant's sexual interest in children in a way that went beyond mere possession. No such additional probative value exists in Mr. Alafyev's case.

4. In *United States v. Hersh*, 297 F.3d 1233 (11th Cir. 2002), the court admitted evidence of uncharged molestation to show modus operandi and to rebut attacks on victim credibility. Neither of these justifications applies here, as there are no victim witnesses whose testimony requires corroboration, and the prior acts do not illuminate a unique modus operandi.

C.     **The Evidence Is Not Admissible Under Rule 404(b)**

The Government alternatively argues that the prior conviction and investigation are admissible under Rule 404(b) to prove "prurient sexual interest in children, knowledge, motive, intent, plan, and lack of mistake." This argument fails

because Mr. Alafyev hereby affirmatively removes intent and knowledge as contested issues in this case.

The Fifth Circuit's decision in *United States v. Roberts*, 619 F.2d 379, 383 (5th Cir. 1980), which remains binding in the Eleventh Circuit, held that evidence of extrinsic offenses is not admissible if the defendant "affirmatively take[s] the issue of intent out of the case." The Supreme Court reinforced this principle in *Old Chief v. United States*, 519 U.S. 172, 191-92 (1997), holding that when a defendant offers to stipulate to an element, the court must consider that alternative in the Rule 403 analysis.

In *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (binding on the Eleventh Circuit), the court required that a prior act must be "similar enough and close enough in time to be relevant to the matter in issue." The 14-year-old conviction and 7-year-old uncharged investigation fail this temporal proximity requirement.

Moreover, in *United States v. Matthews*, 431 F.3d 1296, 1310-11 (11th Cir. 2005), the court emphasized that 404(b) evidence must be relevant to a specific disputed issue, not merely offered to show propensity. Here, the Government's claim that the evidence shows "persistent interest and technological knowledge" is effectively character evidence, which Rule 404(b) expressly prohibits.

D.   **If Any Evidence Is Admitted, It Should Be Strictly Limited**

Should the Court be inclined to admit any evidence of prior acts, we request that it be strictly limited to minimize unfair prejudice. In *United States v. Butler*, No. 2:17-CR-35-FTM-38MRM, 2019 WL 1112387, at *9 (M.D. Fla. Mar. 11, 2019), the court limited Rule 414 evidence to the bare fact of conviction without allowing prejudicial details. A similar approach would be appropriate here if the Court determines that some evidence should be admitted.

Additionally, we request that the Court exclude the 2018 investigation evidence entirely, as it did not result in charges and its introduction would create a distracting and prejudicial mini-trial on uncharged conduct.

IV.   **CONCLUSION**

For the foregoing reasons, Mr. Alafyev respectfully requests that this Court deny the Government's motion to admit evidence of the 2011 conviction and 2018 investigation. This evidence is substantially more prejudicial than probative and would deprive the defendant of his constitutional right to a fair trial.

**DATED:** June 5, 2025.

Respectfully submitted,

/s/ Robert Bond
**Robert Bond, Esq.**
PA Bar number: 308371
Co-Counsel for Defendant, Pro Hac

[Certificate of Service on Next Page]

9

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 5, 2025, undersigned counsel electronically filed the foregoing **Defendant's Opposition to United States' Motion in Limine, etc.,** with the Clerk of the Court using CM/ECF, which will send a Notice of Electronic Filing (NEF) to all counsel of record.

                                        **Donet, McMillan & Trontz, P.A.**

                            By: /s/ David A. Donet, Jr.
                                   **David A. Donet, Jr., Esq.**
                                   Florida Bar No.: 128910
                                   Attorney for Defendant
                                   100 Almeria Avenue, Suite 230
                                   Coral Gables, Florida 33134
                                   Telephone: 305-444-0030
                                   Email: donet@dmtlaw.com
                                   Email: paralegals@dmtlaw.com