UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-20013-RKA

UNITED STATES OF AMERICA

v.

ARTEM OLEGOVICH ALAFYEV,

     Defendant.

_____/

## UNITED STATES' RESPONSE IN OPPOSITION TO MOTION TO EXCLUDE TESTIMONY

In advance of trial, the United States of America, by and through the undersigned Assistant United States Attorney, hereby files this response in opposition to Defendant's Motion to Exclude the Testimony of Special Agent Anthony Blackman and Criminal Analyst Christina Loughrin. (DE 53). The Defendant's Motion should be denied because it is without a basis in fact or law. The subject of Special Agent Blackman and Criminal Analyst Loughrin's testimony—the forensic extractions of digital devices—were completed within generally accepted procedures and established methodologies, both witnesses possess the requisite training and professional experience to testify about the subject, and the testimony will assist the trier of fact.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

By way of background, on January 3, 2025, the Defendant, Artem Olegovich Alafyev, entered the United States at the Port of Miami aboard the passenger cruise ship MSC Divina. At the Port of Miami, law enforcement conducted a border search of the Defendant's iPhone and discovered that the Defendant possessed child sexual abuse material ("CSAM"). The iPhone was seized, and Homeland Security Investigations (HSI) Special Agent Blackman performed a

forensic extraction of the device. The forensic extraction of the Defendant's iPhone is the subject of Special Agent Blackman's testimony.

As part of the investigation, the United States learned that in or around April 2018, the Defendant was the target of another HSI investigation related to the purchase of CSAM on the dark web. The Defendant was targeted after his email address was connected to a Bitcoin account used for CSAM purchases. As part of the 2018 investigation, HSI executed a search warrant on the Defendant's Google account and his residence. In the Google search warrant return, HSI discovered multiple pieces of evidence that demonstrate the Defendant's prurient interest in minor children and efforts to obtain CSAM. As part of the investigation, Criminal Analyst Loughrin completed forensic extractions of the Defendant's digital devices obtained during a residential search warrant. The forensic extraction also revealed evidence of the Defendant's interest in CSAM. The 2018 forensic extractions are the subject of Criminal Analyst Loughrin's testimony.[1]

A large portion of Special Agent Blackman and Criminal Analyst Loughrin's testimony will be as fact witnesses, but on May 6, 2025, in an abundance of caution, the United States filed a notice of intent to introduce the expert testimony pursuant to Federal Rule of Evidence 702 and Federal Rule of Criminal Procedure 16(a)(1)(G). Special Agent Blackman and Criminal Analyst Loughrin will testify about the forensic extractions and HSI investigations of the Defendant.

## I.     THE LAW

The introduction of expert testimony is governed by Rule 702 of the Federal Rules of Evidence. Rule 702 of the Federal Rules of Evidence provides that:

---

[1] The United States has filed a motion to admit evidence obtained during HSI's 2018 investigation of the Defendant pursuant to Federal Rule of Evidence 414(a) and Federal Rule of Evidence 404(b). (DE 51). As of this filing, the motion has not been ruled upon.

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or otherwise specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles to the facts of the case.

*Daubert v. Merrell Down Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) in conjunction with *Kumho Tire, Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), imposes a "gatekeeping" obligation upon district courts, requiring an inquiry into both the relevance and reliability of the expert testimony. Trial courts must consider whether: (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized knowledge, to understand the evidence or to determine a fact in issue. *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (citing *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998)). "While there is inevitably some overlap among the basic requirements—qualification, reliability, and helpfulness—they remain distinct concepts and the courts must take care not to conflate them." *Id.* The burden of establishing qualification, reliability, and helpfulness rests on the proponent of the expert opinion. *Id.*

One way in which experts may be qualified under Rule 702 is through experience. *Id.* at 1261; Fed. Rule Evid. 702. The Committee Note to the 2000 Amendments to Rule 702 explains that "[n]othing in this amendment is intended to suggest that experience alone . . . may  not provide a sufficient foundation for expert testimony." *Id.* (quoting Fed. R. Evid. 702 advisory committee's notes (2000 Amends.)).

Rule 702 assigns to the trial judge the task of ensuring that an expert's testimony rests on a reliable foundation. *Frazier,* 387 F.3d at 1261. Where a witness is relying solely or primarily on

experience, "the witness must explain *how* that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Fed. Rule Evid. 702 Advisory Committee's Note (2000 Amends.). Trial judges have "considerable leeway" in deciding whether nonscientific expert testimony passes muster. *American Gen. Life Ins. Co. v. Schoenthal Family, LLC*, 555 F.3d 1331, 1338 (11th Cir. 2009).

In addition to being reliable, expert testimony under Rule 702 must assist the trier of fact. "By this requirement, expert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person." *Frazier*, 387 F.3d at 1262 (citing *United States v. Rouco*, 765 F.2d 983, 995 (11th Cir. 1985)).

A reviewing court applies only an abuse of discretion standard to all aspects of a trial court's decision regarding the admittance or exclusion or expert testimony. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 151-52 (1999). However, the rejection of expert testimony is the exception rather than the rule. *See United States v. Smith*, 919 F.3d 825, 835 (4th Cir. 2019). Furthermore, although Rule 403 requires the exclusion of relevant expert testimony if its probative value is substantially outweighed by the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence," the Eleventh Circuit has repeatedly described Rule 403 as "an extraordinary remedy," to be frugally applied, "because it allows the court to exclude admittedly probative evidence." *United States v. Ross*, 33 F.3d 1507, 1524 (11th Cir. 2004).

**II.   ARGUMENT**

Special Agent Blackman and Criminal Analyst Loughrin's testimony should be admitted at trial as expert testimony, pursuant to Federal Rule of Evidence 702, because both are qualified

based upon their specialized training and professional experience in digital forensics, their testimony is reliable, relevant, and it will assist the jury. Furthermore, because the expert testimony proffered in this case has been admitted in courts across the country, including courts in this District, and does not involve novel scientific or technical techniques or a novel area of expertise, a *Daubert* hearing is not required in order to admit this testimony at trial.

**A. *Special Agent Blackman's Expert Testimony Meets the Requirements for Admissibility Under Rule 702***

**i. Special Agent Blackman's Testimony Regarding the Digital Forensic Extraction in this Case and Digital Devices Generally is Based on Sufficient Training and Experience.**

Rule 702 makes clear that experience in a field may provide a basis for expert testimony. *See United States v. Frazier*, 387 F.3d 1244, 1260-61 (11th Cir. 2004). *See* Fed. R. Evid. 702 (expert status may be based on "knowledge, skill, experience, *training*, or education"). Here, Special Agent Blackman has both training and experience. He is a Computer Forensic Agent (CFA) who has been employed with the Department of Homeland Security since May 2003 and employed as a Criminal Investigator since May 2006.

CFA Blackman received training at the Federal Law Enforcement Training Center in Glynco, Georgia, and in December 2022, he was selected as a CFA and received specialized training by the DHS Cyber Crimes Center. The training included a CompTIA certification as well as training in computer forensics techniques. These techniques consisted of forensic imaging of digital devices, including computers, mobile devices, and storage devices. CFA Blackman is also experienced in many different forensic software programs and has completed at least five professional training courses, in addition to his professional certifications. *See* DE 44. The extractions here were performed with the widely used forensic software Cellebrite and Axiom. CFA Blackman has received specialized training in the use of the software from Cellebrite and

Axiom instructors.

### B. *Criminal Analyst Loughrin's Testimony Meets the Requirements for Admissibility Under Rule 702*

   **i.   Criminal Analyst Loughrin's Testimony Regarding the Digital Forensic Extraction in the 2018 Investigation of the Defendant and Digital Devices Generally is Based on Sufficient Training and Experience.**

Similarly, Criminal Analyst Loughrin has sufficient training and experience. *See Frazier*, 387 F.3d at 1260-61; Fed. R. Evid. 702 (expert status may be based on "knowledge, skill, *experience*, training, or education"). Criminal Analyst Loughrin has worked in law enforcement for 26 years, she has been a Criminal Analyst with HSI since 2011, and a Computer Forensics Analyst since 2014. *See* DE 44.

Criminal Analyst Loughrin has completed various trainings on computer forensics, including a six-week Basic Computer Evidence Recovery Training (BCERT) Training and the Federal Law Enforcement Training Center in New Brunswick, Georgia in 2014. *Id.* She has continued her trainings and as recently as 2024, she completed an AXIOM training, and she is also studying to get an Associate's Degree in computer forensics. *Id.* As a Computer Forensics Analyst, Loughrin is trained in using digital forensic software programs, and routinely uses these programs to extract and process data. Her duties include conducting extractions of devices, computer/cellular telephone forensics, and the forensic collection, preservation, and examination of electronic devices.

### C.  The Expert Testimony is Relevant and will Assist the Trier of Fact.

Special Agent Blackman and Criminal Analyst Loughrin's testimony will help the jury understand the language and terminology used throughout the trial and it will provide context to the jury in understanding and evaluating the forensic evidence. While many people have personal experience with digital devices, technical language, the internal workings of a digital device's

operating system and understanding a forensic extraction are outside the ordinary understanding of the average layperson. Because the subject matter that Special Agent Blackman and Criminal Analyst Loughrin will testify about is beyond the understanding of the average layperson, it meets the standard for relevance and should be admitted at trial. *See Frazier*, 387 F.3d at 1262 ("The final requirement for admissibility of expert testimony under Rule 702 is that it assist the trier of fact. By this requirement, expert testimony is admissible if it concerns matters that are beyond the understanding of the average layperson.").

### D. The Testimony of Special Agent Blackman and Criminal Analyst Loughrin Should be Admitted Without a Daubert Hearing

Trial courts are not required to conduct pre-trial hearings upon every challenge to expert testimony. *See United States v. Hansen*, 262 F.3d 1217, 1234 (11th Cir. 2001) ("*Daubert* hearings are not required, but may be helpful in complicated cases involving multiple expert witnesses"); *United States v. Kyer*, 429 Fed. App'x 828, 830 (11th Cir. 2011) ("[W]e note that although a district court abuses its discretion where it fails to act as gatekeeper, a formal *Daubert* hearing is not required in every case.") (internal quotations and citations omitted); *United States v. Frazier*, 387 F.3d 1244, 1264 (11th Cir. 2004) ("[s]ome expert testimony will be so clearly admissible that a district court will not need to conduct a *Daubert* hearing"). Whether a *Daubert* hearing is necessary is a decision within the sound discretion of a district court. *See Cook v. Sheriff of Monroe County*, 402 F.3d 1092, 1113 (11th Cir. 2005); *United States v. Junkins*, 537 F. Supp. 2d 1257, 1259 (S.D. Ala. 2008) ("It is well established that a hearing is not required every time a party invokes a *Daubert*-type objection."); *United States v. Scarpon*, Case No. 05-CR-20419, 2006 WL 5100541 (S.D. Fla. Sept. 12, 2006) (Defendant's request for *Daubert* hearing was denied where objections were vague and conclusory).  Although the Court must ensure that expert testimony is reliable and admissible, there is nothing in *Kumho Tire Co., Ltd.*, or *Daubert* that requires the Court to conduct

a pre-trial evidentiary hearing if the expert testimony is based on well-established principles. *See United States v. Cooper*, 91 F. Supp. 2d 79, 82 (D.D.C. 2000) (citing *United States v. Nichols*, 169 F.3d 1255, 1263 (10th Cir. 1999) (pre-trial hearing not required because "the challenged evidence does not involve any new scientific theory and the testing methodologies are neither new nor novel")).

Here, a *Daubert* hearing is not required. The proposed expert testimony in this case does not rely upon any new or novel techniques, methodologies and software in the field of digital forensics. In fact, this type of evidence is widely relied upon. Every day it is admitted in criminal and civil cases, in state and federal court. Thus, this Court need not hold a *Daubert* hearing prior to admitting such expert testimony so long as the Court makes a determination of relevance and reliability beforehand. *See Kumho Tire Co.*, 526 U.S. at 152 ("The objective of [*Daubert's* gatekeeping requirement] is to ensure the reliability and relevancy of expert testimony.").

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

By:     *s/Brianna Coakley*
   Brianna Coakley
   Assistant United States Attorney
   Court ID No. A5503184
   United States Attorney's Office
   99 NE 4th Street, 6th Floor
   Miami, Florida 33132
   (305) 961-9127
   Brianna.Coakley@usdoj.gov

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on June 6, 2025, I electronically filed the foregoing document

with the Clerk of the Court using CM/ECF, which provides electronic notice of the filing.

<u>*s/Brianna Coakley*</u>
BRIANNA COAKLEY
Assistant United States Attorney
