**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CR-20013-RKA**


**UNITED STATES OF AMERICA,**


v.


**ARTEM OLEGOVICH ALAFYEV,**

**Defendant.**

_____/

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S SECOND MOTION TO SUPPRESS EVIDENCE**

**TO THE HONORABLE ROY K. ALTMAN, UNITED STATES DISTRICT JUDGE:**

# TABLE OF AUTHORITIES

**Cases**

Miranda v. Arizona, 384 U.S. 436 (1966)

Berkemer v. McCarty, 468 U.S. 420 (1984)

United States v. Moya, 74 F.3d 1117 (11th Cir. 1996)

In re Grand Jury Subpoena Duces Tecum Dated March 25, 2011, 670 F.3d 1335 (11th Cir. 2012)

Pennsylvania v. Muniz, 496 U.S. 582 (1990)

Missouri v. Seibert, 542 U.S. 600 (2004)

Wong Sun v. United States, 371 U.S. 471 (1963)

Colorado v. Connelly, 479 U.S. 157 (1986)

G.A.Q.L. v. State, 257 So. 3d 1058 (Fla. 4th DCA 2018)

Garcia v. State, 302 So. 3d 1051 (Fla. 5th DCA 2020)

Commonwealth v. Davis, 220 A.3d 534 (Pa. 2019)

**Constitutional Provisions**

U.S. Const. amend. V

**Rules**

Fed. R. Evid. 801(d)(2)(A)

United States v. Alafyev — No. 25-CR-20013-RKA — Defendant's Reply

**I. INTRODUCTION**

The Government's opposition fundamentally mischaracterizes both the constitutional framework governing testimonial self-incrimination and the uncontroverted factual record established through their own witness testimony. While attempting to characterize compelled passcode disclosure as non-testimonial physical conduct, the Government cannot reconcile this position with controlling Eleventh Circuit precedent recognizing that device access "would essentially be like telling the Government that the files exist, are in the defendant's possession, and are authentic." In re Grand Jury Subpoena Duces Tecum Dated March 25, 2011, 670 F.3d 1335, 1346 (11th Cir. 2012).

More critically, the Government fails to address why Miranda warnings were provided if constitutional protections were unnecessary. This contradiction demonstrates official acknowledgment that custodial interrogation occurred, undermining every aspect of their opposition. The Government's provision of warnings constitutes judicial admission under Federal Rule of Evidence 801(d)(2)(A) that constitutional requirements were triggered but deliberately withheld during the testimonial phase.

**II. ARGUMENT**

**A. The Government Cannot Overcome Officer Silva's Binding Testimony Establishing Miranda Custody**

**A. The Government Cannot Overcome Officer Silva's Binding Testimony Establishing Miranda Custody**

The Government's contention that Defendant was not in custody directly contradicts Officer Silva's unequivocal testimony that Defendant was "not free to leave" during secondary inspection. Hr'g Tr. at 14:4-5, United States v. Alafyev, No. 25-20013-CR-RKA (S.D. Fla. June 9, 2025). This testimony satisfies the objective custody standard established in Berkemer v. McCarty: whether "a reasonable person [would] have felt that he or she was not free to leave." 468 U.S. 420, 442 (1984).

The Government's reliance on border context cannot overcome this explicit admission of movement restriction. In United States v. Moya, the Eleventh

Circuit specifically recognized that custody determinations at the border require analysis of whether "the circumstances of the interrogation objectively indicate that the suspect is not free to leave." 74 F.3d 1117, 1119 (1996). Silva's See Hr'g Tr. 14:3–5, 14:21–22 (June 9, 2025). testimony directly establishes this constitutional threshold.

**1. Border Context Does Not Eliminate Constitutional Protections**

The Government's citation to United States v. McDowell misapplies that decision's holding. McDowell established that border questioning must reach a "distinctly accusatory level" before triggering Miranda requirements. 250 F.3d 1354, 1362 (11th Cir. 2001). Here, the accusatory nature is demonstrated by: (1) advance targeting based on Defendant's criminal history; (2) segregation into separate interrogation room; (3) explicit threats regarding indefinite property seizure; and (4) demands for testimonial responses regarding potentially incriminating device contents.

Unlike the routine questioning in McDowell , this encounter involved systematic exploitation of Defendant's known vulnerability through deliberate constitutional circumvention. Officers possessed advance intelligence creating inherently coercive dynamics that distinguish this from routine border inspection.

**2. The Government's Miranda Warnings Constitute Judicial Admission of Custody**

See Hr'g Tr. 22:1–2 (June 9, 2025).

**2. The Government's Miranda Warnings Constitute Judicial Admission of Custody**

The Government's provision of Miranda warnings during this encounter constitutes binding evidence that custody existed. Under Federal Rule of Evidence 801(d)(2)(A), party admissions through conduct constitute evidence against the declarant. The Government cannot simultaneously argue that no constitutional protections applied while providing warnings exclusively required during custodial interrogation.

This contradiction demonstrates the Government's recognition that constitutional requirements were triggered but strategically withheld during the incriminating phase, precisely the conduct condemned in Missouri v. Seibert , 542

U.S. 600, 609 (2004).

**B. Compelled Passcode Disclosure Constitutes Testimonial Communication Under Controlling Circuit Precedent**

**B. Compelled Passcode Disclosure Constitutes Testimonial Communication Under Controlling Circuit Precedent**

The Government's assertion that "the physical act of unlocking a phone is not a statement or testimonial communication" (DE 67 at 4) contradicts binding Eleventh Circuit precedent and fundamental Fifth Amendment principles. The testimonial nature stems not from the physical mechanism of entry, but from the mental knowledge disclosed through that act.

**1. Florida Courts Have Definitively Established Passcode Disclosure as Testimonial**

**1. Florida Courts Have Definitively Established Passcode Disclosure as Testimonial**

The Florida Fourth District Court of Appeal in G.A.Q.L. v. State held that "revealing one's password requires more than just a physical act; instead, it probes into the contents of an individual's mind and therefore implicates the Fifth Amendment." 257 So. 3d 1058, 1061 (Fla. 4th DCA 2018). The court explained that "The very act of revealing a password asserts a fact: that the defendant knows the password." Id.

The Florida Fifth District Court of Appeal in Garcia v. State recognized the testimonial nature of passcode disclosure: "The compelled oral disclosure from a defendant of his or her cellphone's passcode was a testimonial communication protected by the Fifth Amendment." 302 So. 3d 1051, 1053 (Fla. 5th DCA 2020). While Garcia addressed oral disclosure, the testimonial nature stems from the knowledge revealed, not the method of revelation.

These Florida precedents provide persuasive authority establishing that passcode disclosure constitutes testimonial communication regardless of whether the password is spoken or manually entered. Both require accessing and communicating mental contents to assist prosecution.

**2. Eleventh Circuit Precedent Establishes Device Access as Testimonial**

In In re Grand Jury Subpoena Duces Tecum Dated March 25, 2011, this

Circuit held that compelling device access "would essentially be like telling the Government that the files exist, are in the defendant's possession, and are authentic." 670 F.3d 1335, 1346 (11th Cir. 2012). This precedent directly governs and establishes that device unlocking constitutes testimonial communication regardless of the physical method employed.

The Supreme Court in Pennsylvania v. Muniz held that "the privilege applies to any testimonial response—whether brief or lengthy, whether narrative or fragmented, whether oral or written, whether expressed in words or numbers." 496 U.S. 582, 589 (1990). Passcode entry constitutes testimonial response "expressed in words or numbers" that communicates multiple facts to law enforcement: knowledge of the code, authority over device contents, and authentication of materials through access.

**4. Coercive Circumstances Establish Compelled Disclosure**

The factual record demonstrates systematic coercion rendering any testimonial response compelled. Ms. Kharchenko's sworn affidavit establishes: "The officers demanded that Artem remove his hand, and one of them physically pointed his hand with the finger at him and told him he could not do that and must uncover the screen." Kharchenko Aff. ¶ 9 (DE __).

This physical coercion, combined with explicit threats of indefinite property seizure and established custody, satisfies Colorado v. Connelly's standard that "the sole concern of the Fifth Amendment is governmental coercion." 479 U.S. 157, 170 (1986).

**C. The Exclusionary Rule Mandates Comprehensive Suppression**

Under Wong Sun v. United States , all evidence obtained through constitutional violations must be suppressed as "fruit of the poisonous tree." 371 U.S. 471, 488 (1963). The Government cannot establish independent source because testimonial unlocking was the exclusive means of device access. Without Defendant's coerced testimonial response, the Government possessed no method to obtain evidence from the device. The constitutional violation was the "but-for" cause of all subsequent discovery, requiring comprehensive suppression to maintain the exclusionary rule's deterrent

function.

### III. CONCLUSION

The Government's opposition cannot overcome the binding testimony establishing custody, controlling precedent recognizing testimonial communication, or the factual record demonstrating coercive circumstances. Officer Silva's unequivocal testimony that Defendant was "not free to leave" establishes Miranda custody under Berkemer. Device unlocking under systematic coercion constitutes testimonial communication under Pennsylvania v. Muniz, G.A.Q.L. v. State, and Eleventh Circuit precedent. The involuntary nature of the response precludes any Patane exception for physical fruits.

Most fundamentally, the Government's provision of Miranda warnings constitutes judicial admission that custody and interrogation existed—warnings were simply provided too late to cure violations already committed under Seibert.

WHEREFORE, Defendant respectfully requests that this Honorable Court:

**1. DENY the Government's Response in Opposition to Defendant's Second** Motion to Suppress;

**2. FIND that testimonial device unlocking occurred during custodial** interrogation without Miranda warnings in violation of the Fifth Amendment;

**3. FIND that the coercive circumstances render the testimonial** communication involuntary, precluding any Patane exception;

**4. SUPPRESS all evidence obtained through constitutional violations,** including device contents and all derivatives thereof;

**5. GRANT Defendant's Second Motion to Suppress as mandated by** controlling constitutional precedent; and

**6. GRANT such other relief as the Court deems just and proper.**

DATED: August 11, 2025. Respectfully submitted, /s/ Robert Bond ROBERT BOND, ESQ. PA Bar No. 308371 Pro Hac Vice Co-Counsel for Defendant Law Offices of Robert Bond 11880 Bustleton Avenue, Suite 206 Philadelphia, PA 19116 Tel: (215) 240-7565 Email: rbond@phillylawcenter.com

DATED: August 11, 2025.

Respectfully submitted,

2  /s/ Robert Bond

3  ROBERT BOND, ESQ.

4  PA Bar No. 308371

5  Pro Hac Vice Co-Counsel for Defendant

6  Law Offices of Robert Bond

7  11880 Bustleton Avenue, Suite 206

8  Philadelphia, PA 19116

9  Tel: (215) 240-7565

10 Email: rbond@phillylawcenter.com

11

12 [Certificate of Service on Next Page]

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 11, 2025, undersigned counsel electronically filed the foregoing **Defendant's Reply to Government's [DE 67] Response in Opposition to Defendant's [DE 64] Second Motion to Suppress Evidence (i.e., DEFENDANT'S SUPPLEMENTAL BRIEF)** with the Clerk of the Court using CM/ECF, which will send a Notice of Electronic Filing (NEF) to all counsel of record.

**Donet, McMillan & Trontz, P.A.**

By: /s/ David A. Donet, Jr.
    **David A. Donet, Jr., Esq.**
    Florida Bar No.: 128910
    Attorney for Defendant
    100 Almeria Avenue, Suite 230
    Coral Gables, Florida 33134
    Telephone: 305-444-0030
    Email: donet@dmtlaw.com
    Email: paralegals@dmtlaw.com