UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-20013-RKA

UNITED STATES OF AMERICA

v.

ARTEM OLEGOVICH ALAFYEV,

    **Defendant.**
_____/

## MOTION TO REOPEN THE GOVERNMENT'S CASE IN CHIEF

The United States asks this Court to exercise its discretion to allow the Government to reopen its case in chief to clarify the misleading testimony elicited by the Defendant through his cross-examination related to an untimely-disclosed expert report. The Defendant will not be prejudiced—he will have a full opportunity to cross examine the Government's expert and full opportunity to put on his case in chief. The truth-seeking function of a trial is best served by allowing such clarifying testimony. The Court should grant the Motion.

I.     **RELEVANT FACTUAL HISTORY**

On January 3, 2025, the Defendant, entered the United States at the Port of Miami aboard the passenger cruise ship MSC Divina. At the Port of Miami, law enforcement conducted a border search of the Defendant's iPhone and discovered that the Defendant possessed child sexual abuse material ("CSAM") in the "recently deleted"[1] folder of the Defendant's photo gallery. A further

---

[1] The "recently deleted" folder is a sub-folder of the photo gallery that is easily and fully accessible to the user. When a user moves a file to the "recently deleted" folder there is a popup notification that the file will be stored in "Recently Deleted" on the phone for 30 days (*see* Demonstrative Exh. 1). Any files stored in the folder are viewable and can be moved to other folders at the user's discretion. As the government's case agent and expert testified, the folder, which is password

1

forensic examination of the device revealed: (1) additional CSAM in the photo gallery; (2) CSAM saved to the file-sharing application MEGA,[2] as well as in a second application; (3) CSAM in the "cache;" and (4) CSAM files received via iMessage.

On May 6, 2025, the Government timely disclosed an expert witness and demanded a written summary of the expert testimony that the Defense expected to offer at trial. (DE 44). On May 19, 2025, the Defendant filed a notice of expert testimony listing a digital forensic expert named Aaron Weiss, but failed to provide a written summary or report of this expert as required by the Federal Rules. (DE 48).

On the morning of trial, on August 27 at 9:05 a.m., the Defendant provided for the first time, a report with the analysis and conclusions of their computer forensic expert witness. Given that he was waiting inside the courthouse to be called to testify, the Government's forensic examiner had no opportunity to fully evaluate the results or compare his conclusions to the defense's data. The Defendant extensively crossed the Government's forensic examiner about the conclusions reached by *their* expert and made factual assertions about the location and accessibility of files based on *their* expert's conclusions. The conclusions and factual assertions advanced by the Defendant on cross-examination required further data and analysis of the forensic extraction to provide complete and accurate answers. The delay in providing the report and then cross-examining on the conclusions allowed the Defendant to unfairly advance incomplete information without the Government having a full opportunity to vet and contextualize those claims.

At the conclusion of the Government's case in chief, the Defendant rested and moved for

---

protected, is commonly utilized by offenders to store child sexual abuse material to minimize the risk of detection while maintaining easy access to the material.

[2] MEGA is an end-to-end encrypted file hosting application which allows users to store encrypted data. It is commonly used to store and share child sexual abuse material.

dismissal, in large part based on the incomplete facts elicited during cross-examination. The crux of their arguments was that because some of the CSAM was observed in the "recently deleted" folder, there was insufficient evidence to establish that the Defendant knowingly transported the material.[3]

II.  **Legal Argument**

The trial court has <u>*broad discretion*</u> in deciding whether to permit a party to reopen its case. *United States v. Willis*, 759 F.2d 1486 (11th Cir. 1985). The court's "considerable latitude in discretion" will not be disturbed unless the Defendant "suffered actual prejudice in the conduct of his defense." *United States v. Molinares*, 700 F.2d 647 (11th Cir. 1983). A trial court may permit the reopening of a case "in order that omitted evidence may be presented." *Id*. Further, a court does not abuse its discretion by permitting the government to reopen its case after the Defendant's motion for a judgment of acquittal. *United States v. Gomez*, 908 F.2d 809 (11th Cir. 1990) (permitting "the government to reopen its case in response to the defendant's claims of per se entrapment by allowing the informant to testify."). Nor is it an abuse of discretion to allow the Government to reopen its case when the Government has rested, the Defendant has not presented any evidence on his own behalf, and the jury had not been charged or begun its deliberations.

---

[3] Moreover, the Defendant asks this Court to consider that the images and videos were deleted and suggests that this is enough to prove that the Defendant did not have knowledge the items would remain on his device. This ignores, however, that there has been <u>no</u> evidence to suggest that the Defendant did not know the CSAM remained on his phone. Instead, the Court did hear credible testimony from both the case agent and the computer forensics examiner that CSAM offenders routinely place photos into their recently deleted album for safekeeping and to evade law enforcement. This is especially true for sophisticated offenders—like the Defendant—who have had prior encounters with law enforcement and who obtain CSAM through varied and sophisticated means. It also ignores the other CSAM found saved to the Mega application and evidence of the Defendant's interactions with CSAM via imessage and in the cache. Transportation can be established even when a full CSAM file is not present, and circumstantial evidence can be used to establish knowledge. *See e.g. United States v. Rivenbark,* 748 F. App'x. 948 (11th Cir. 2018); *United States v. Morris*, No. 22-12149 (11th Cir. 2024).

3

*United States v. Ard*, 544 F.2d 225 (5th Cir. 1976).

### III.   ARGUMENT

While the Court could have excluded any inquiry related to this late defense expert report disclosure or its contents, it ultimately permitted its use at trial. The Defendant specifically elicited testimony related to artifacts found within the forensic data that he maintained were in the "deleted folder." The Government's expert responded that he could not testify as to the artifact's location—given only the Defendant's expert's report and no opportunity to review or validate it. At times, the Defendant even inquired "would you be surprised to know" before making statements about what the forensic data showed (in essence, testifying).

The Defendant did not call his own expert, instead he ambushed the Government with an untimely report, elicited testimony from the Government's expert, which was misleading of the actual data, and rested on these claims as absolute. The Government's expert has now had an opportunity to review the defense's report and review the data that it should have been afforded when being cross-examined. Unsurprisingly, the evidence tells a different story than the Defense attempted to paint in its ambush. Given more than a few minutes to review the Defendant's expert's conclusions, the Government's expert would testify to clarifying and helpful facts.

In fact, if permitted to reopen its case, the Government's expert would testify: (1) despite the Defendant's representations that *all* CSAM was deleted, a 20 minute video file of a prepubescent child masturbating was not moved to the "recently deleted" folder and was present in the photo gallery; and (2) there were files of CSAM saved to and *fully accessible* to the Defendant, present in the Defendant's file-sharing application Mega. Third—and importantly—the Government's expert would testify that, if the Defendant deleted each image/video, the device would have *explicitly notified* the Defendant that the CSAM would remain on the phone in the

"recently deleted" folder for 30 days. *See* Demonstrative Exh. 1. In other words, the Defendant was *notified* that his "deleted" CSAM was still present on his phone, when he tried to hide it in the "recently deleted" folder. This anticipated testimony directly disputes the inaccuracies that the defense attempted to insert through the cross-examination.

As the trier of fact, the Court should also be afforded the opportunity to consider the comprehensive and accurate testimony. Moreover, the Defendant will not suffer any prejudice from reopening the case in chief. The Court would have been well within its discretion to strike the expert and his report at trial due to the late disclosure. Given that this Court could have stricken the expert *in toto*, there is no prejudice in allowing the Government's expert time to review the untimely report before offering clarifying testimony. Further, as in *Molinares* and *Gomez*, given that the Defendant has not put on any evidence, he is not prejudiced. *Molinares*, 700 F.2d 647 (11th Cir. 1983); *United States v. Gomez*, 908 F.2d 809 (11th Cir. 1990) (permitting "the government to reopen its case in response to the defendant's claims of per se entrapment by allowing the informant to testify."). Further, should the Defendant decide it needs to call the defense expert, the Court already indicated it would permit such testimony. Finally, because this is a bench trial, there are no concerns about potential impact on the jury or its availability.

This Court should exercise its discretion to allow the Government to reopen its case in chief to allow the Government's expert to clarify a few points related to an extremely-late expert disclosure and then allow the Defendant full cross examination and the chance to put on a case.

Respectfully submitted,

JASON A. REDING QUINOÑES
UNITED STATES ATTORNEY

By: *s/Brianna Coakley*
Brianna Coakley
Assistant United States Attorney

5

Court ID No. A5503184
United States Attorney's Office
99 NE 4th Street, 6th Floor
Miami, Florida 33132
(305) 961-9127
Brianna.Coakley@usdoj.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 29, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which provides electronic notice of the filing.

*s/Brianna Coakley*
Brianna Coakley

**Demonstrative Exhibit 1**

