UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-20013-RKA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

ARTEM OLEGOVICH ALAFYEV,

    Defendant.

_____

### DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO REOPEN CASE IN CHIEF

Defendant Artem Olegovich Alafyev, by and through undersigned counsel, respectfully submits this Opposition to the Government's Motion to Reopen its Case in Chief (DE 85). The Government's request represents an impermissible attempt to cure evidentiary failures through burden-shifting and procedural circumvention. This Honorable Court should deny the motion.

**I. RELEVANT FACTUAL HISTORY**

The Government presented its case-in-chief on August 27 and 28, 2025. During those two days, prosecutors presented testimony from their case agent and two technical witnesses, including a forensic examiner. At no point did the Government seek to recall its forensic witness, despite full access to the underlying

data since January 3, 2025.

Defendant's proposed expert was never qualified, never testified, and no expert report was admitted into evidence. Defense counsel's cross-examination drew exclusively upon the Government's own forensic data and testimony.

Following the Government's decision to rest, Defendant moved for dismissal under Rule 29 on the ground that the prosecution failed to establish the transportation element of 18 U.S.C. § 2252(a)(1). Only after resting—and after Defendant elected not to present evidence—did the Government move to reopen its case.

## II. LEGAL ARGUMENT

Trial courts may permit reopening, but the Eleventh Circuit requires denial where reopening would cause actual prejudice. "It is well established that a trial court may permit the reopening of a case in order that omitted evidence may be presented. Considerable latitude in discretion is vested in the trial court in such matters." **United States v. Molinares**, 700 F.2d 647, 652 (11th Cir. 1983). That discretion will not be disturbed unless the circumstances show actual prejudice.

The Eleventh Circuit has cautioned that reopening is improper where the Government seeks to fill an evidentiary gap on an essential element after resting. **United States v. Byrd**, 403 F.3d 1278, 1284–85 (11th Cir. 2005).

Sufficiency of the evidence is reviewed de novo, viewing the record in the

light most favorable to the prosecution. *United States v. Flanders*, 752 F.3d 1317, 1329 (11th Cir. 2014). But a conviction cannot stand where "no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

### III. ARGUMENT

**A. The Government's Motion Rests on False Premises**

The Government's central claim—that defense cross-examination relied upon an "expert report"—is demonstrably false. No such report was qualified or admitted. Cross-examination was confined to the Government's own data and testimony.

The Government had full opportunity to recall its forensic examiner but chose not to. Strategic prosecutorial decisions cannot later be recast as extraordinary circumstances warranting reopening.

**B. The Government Has Not Met the Standard for Reopening**

Reopening may be permitted to correct minor omissions, not to supply missing proof on essential elements. *Byrd*, 403 F.3d at 1284. Here, the Government possessed all forensic evidence from the outset, presented witnesses across two full trial days, and then rested. Its decision not to present further testimony was strategic, not inadvertent. Allowing reopening now would unfairly prejudice Defendant, who relied on the prosecution's rested case.

This prejudice is exactly what *Molinares* identified in limiting discretion to avoid "actual prejudice." 700 F.2d at 652.

### C. The Government Improperly Shifts the Burden of Proof

The Government argues that "there has been no evidence to suggest that the Defendant did not know the CSAM remained on his phone." This argument inverts the constitutional burden. The Government must prove knowledge beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364 (1970).

As the Ninth Circuit explained in *United States v. Kuchinski*: "Where a defendant lacks knowledge about the cache files, and concomitantly lacks access to and control over those files, it is not proper to charge him with possession … To do so turns abysmal ignorance into knowledge and a less than valetudinarian grasp into dominion and control." 469 F.3d 853, 863 (9th Cir. 2006).

### D. Reopening Would Circumvent Due Process

The Government is not seeking clarification but rather a do-over after failing to prove knowledge. Courts consistently reject such attempts. *Byrd*, 403 F.3d at 1284–85. Allowing reopening here would undermine due process by transforming the Court into a corrective instrument for prosecutorial inadequacy. See *Tot v. United States*, 319 U.S. 463, 469–70 (1943).

### IV. CONCLUSION

The Government had a full and fair opportunity to present its case. Having failed to

establish the element of knowing transportation, the prosecution cannot cure that defect by shifting the burden or reopening its case.

For these reasons, Defendant respectfully requests that this Court DENY the Government's Motion to Reopen its Case in Chief (DE 85).

Respectfully submitted,

Law Offices of Robert Bond

By: /s/ *Robert Bond*
**Robert Bond, Esq.**
PA Bar Number: 308371
Pro Hac Co-Counsel for Defendant
11880 Bustleton Avenue, Suite 206
Philadelphia, PA 19116
Telephone: (215) 240-7565
Email: Rbond@phillylawcenter.com

[Certificate of Service on next page]

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 1, 2025, undersigned counsel electronically filed the foregoing **Defendant's Response in Opposition to Government's Motion to Reopen Case** with the Clerk of the Court using CM/ECF, which will send a Notice of Electronic Filing (NEF) to all counsel of record.

            **Donet, McMillan & Trontz, P.A.**

    By: /s/ David A. Donet, Jr.
      **David A. Donet, Jr., Esq.**
      Florida Bar No.: 128910
      Attorney for Defendant
      100 Almeria Avenue, Suite 230
      Coral Gables, Florida 33134
      Telephone: 305-444-0030
      Email: donet@dmtlaw.com
      Email: paralegals@dmtlaw.com