UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-20013-CR-RKA

UNITED STATES OF AMERICA

v.

ARTEM OLEGOVICH ALAFYEV,

    **Defendant.**
_____/

UNITED STATES' MOTION FOR UPWARD VARIANCE

    This Court should vary upwards to sentence this Defendant to 20 years (240 months) of incarceration because the Defendant's criminal history category understates his actual dangerousness and because his conduct in this case demonstrates that he must be incapacitated from reoffending.

**BACKGROUND**

    The Defendant was first convicted of an offense involving the possession of child sexual abuse material in 2012. (PSR ¶ 33). After entering a guilty plea, he was sentenced to 23 months imprisonment and three years of supervision. (PSR ¶ 33). In 2017, apparently undeterred, the Defendant began purchasing child sexual abuse material ("CSAM") on the dark web with Bitcoin. (PSR ¶ 41). A subsequent federal search warrant on the Defendant's home revealed the Defendant viewed child sexual abuse material on his devices. (PSR ¶ 41). Despite a criminal conviction and a subsequent federal investigation into the same conduct, on January 3, 2025, the Defendant entered the United States at the Port of Miami aboard the passenger cruise ship MSC Divina with CSAM on his cell phone.

## GUIDELINES

The Defendant has a total offense level of 33 and a criminal history category of II. (PSR ¶ 31). The guideline imprisonment is 151 months to 188 months but there is a mandatory minimum sentence of 180 months. (PSR ¶ 88).

## ARGUMENT

This Court should vary upwards to impose a 240-month sentence for three reasons. *First*, because the Defendant has repeatedly committed crimes involving the sexual exploitation of minors, which are not accounted for in his criminal history; *second,* because the Defendant has shown himself unwilling to abide by the strictures of society; and *third*, to protect the community from the Defendant's future crimes.

*First*, the Defendant is a recidivist sexual offender who is sophisticated and adept at concealing his actions. He has specialized skill and computer-related training (PSR ¶ 70), which allow him to conceal his exploitation of minors. As evidenced by the digital artifacts recovered by HSI in 2017, the Defendant was purchasing and viewing child sexual abuse material. The Defendant was savvy enough to remove the material itself from his devices, but only after he had viewed it. Because this conduct did not result in a criminal conviction, it is not accounted for in the Defendant's criminal history category.

*Second*, the Defendant is unwilling to abide by society's laws, as evidenced by his persistent procurement of sexual abuse material. He has been undeterred by incarceration, supervision *or* a subsequent federal investigation where his home was searched. Criminal prosecution did not deter his conduct, in fact, his near miss in 2017 seems to have only emboldened him to continue to exploit children for his own prurient interests.

*Third*, Section 3553(a) requires this Court to consider the need to protect the public from further crimes of the Defendant. 18 U.S.C. § 3553(a)(2)(C). The Defendant has, time and again, obtained child sexual abuse material. The Defendant will not stop. The Defendant's relentless past conduct has proven the public must be protected from his future crimes. The Defendant must be incapacitated from further poisoning the community.

A 20-year sentence is appropriate in this case. The Defendant's criminal history category underrepresents his true recidivist tendencies, and the Court should grant the government's Motion for an Upward Variance.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By:   *s/Brianna Coakley*
     Brianna Coakley
     Assistant United States Attorney
     Court ID No. A5503184
     United States Attorney's Office
     99 NE 4th Street, 6th Floor
     Miami, Florida 33132
     (305) 961-9127
     Brianna.Coakley@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 31, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which provides electronic notice of the filing.

*s/Brianna Coakley*
Brianna Coakley