UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 25-cr-20013-RKA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ARTEM OLEGOVICH ALAFYEV,

    Defendant.

_____/

## DEFENDANT ARTEM OLEGOVICH ALAFYEV'S RESPONSE IN OPPOSITION TO THE GOVERNMENT'S [99] MOTION FOR UPWARD VARIANCE

**COMES NOW** Defendant, ARTEM OLEGOVICH ALAFYEV ("Mr. Alafyev"), by and through his undersigned attorney, and files his Response in Opposition to the Government's [99] Motion for Upward Variance and states as follows:

**Introduction.**

The Court should deny the Government's request for an upward variance. Instead, the Court should sentence Mr. Alafyev to not more than the 180-month mandatory minimum sentence to which he is subject. That sentence would be sufficient, but not greater than necessary to comply with the purposes of the U.S. Sentencing Guidelines.

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, Florida 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

**Argument.**

The Government argues that this Court should impose a sentence of 240 months in this case; however their reasoning fails to support such an extraordinary variance.

The Government argues in support of its Motion that Mr. Alafyev is "sophisticated and adept at concealing his actions." However, the evidence in this case demonstrated the opposite: That Mr. Alafyev is not sophisticated at all.

For example, the Government in their presentation at trial pointed to images that were initially deleted from Mr. Alafyev's photo library, but not permanently deleted from his iPhone. So, if Mr. Alafyev is as sophisticated as the government claims at concealing his actions, he would have taken the additional step of permanently deleting the unlawful images from his "Recently Deleted" folder (something that even the average teenage iPhone user knows how to do). The fact that he did not do that is a clear indication that he is not sophisticated or adept <u>at all</u> at concealing his actions.

The truth is that Mr. Alafyev does not possess <u>any</u> specialized skill as a result of the limited computer-related training he received, as that long-ago training was limited to obtaining certificates from Microsoft and Cisco for website design and networking. (See PSR [DE 100] ¶ 70)]. Clearly, neither of those companies or

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, Florida 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

their trainings are related to procuring or hiding CSAM materials.

Mr. Alafyev's USSG sentencing range (151 months to 188 months) appropriately accounts for his past crime and also reflects a sentence that is sufficient, but not greater than necessary. In fact, the 180-month mandatory minimum sentence is already near the top of his sentencing range. In addition, a sentence of 180 months would also be nearly 8 times longer than his previous sentence of 23 months. This dramatic increase in incarceration is sufficient to punish Mr. Alafyev, while also deterring any future similar conduct from him or others.

"The Sentencing Reform Act of 1984 (Title II of the Comprehensive Crime Control Act of 1984) (the "Act") provides that courts must consider a variety of factors when imposing a sentence 'sufficient, but not greater than necessary' to comply with the purposes of sentencing as set forth in the Act – to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, deterrence, protection of the public from further crimes, and rehabilitation. 18 U.S.C. § 3553(a)." Commentary to USSG §1A1.1. Commission's Authority.

Thus, the Government's request for an upward variance of 25% is unreasonable and should be denied.

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, Florida 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

**Conclusion.**

Mr. Alafyev requests that this Honorable Court sentence him to not more than the 180-month mandatory minimum sentence, for the foregoing reasons.

**DATED:** November 13, 2025.

                                           Respectfully submitted,

                                           **Donet, McMillan & Trontz, P.A.**

                                    By: /s/ David A. Donet, Jr.
                                           **David A. Donet, Jr., Esq.**
                                           Florida Bar No.: 128910
                                           Attorney for Defendant

[Certificate of Service on Next Page]

Page **4** of **5**

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, Florida 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 13, 2025, undersigned counsel electronically filed the foregoing Defendant's Response in Opposition to the Government's [99] Motion for Upward Variance with the Clerk of the Court using CM/ECF, which will send a Notice of Electronic Filing (NEF) to all counsel of record.

                         **Donet, McMillan & Trontz, P.A.**

        By: /s/ David A. Donet, Jr.
               **David A. Donet, Jr., Esq.**
               Florida Bar No.: 128910
               Attorney for Mr. Alafyev
               100 Almeria Avenue, Suite 230
               Coral Gables, Florida 33134
               Telephone: 305-444-0030
               Email: donet@dmtlaw.com
               Email: paralegals@dmtlaw.com

Page **5** of **5**

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, Florida 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com